No. 18,736.

MARY VIGIL *v.* JOE VIGIL.
(338 P. [2d] 688)

Decided May 4, 1959.

Mr. GEORGE G. ROSS, for plaintiff in error.

Messrs. Bannister, Weller & Friedrich, Mr. John R. Hickisch, Mr. William H. Hazlitt, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error was plaintiff in the trial court and will be referred to as Mary. Defendant in error will be referred to as Joe.

This case originated when Mary sued Joe for divorce in 1955 in the county court of the City and County of Denver, alleging that nine and one-half years previously, in 1946, she and Joe had entered into a common-law marriage. The complaint prayed for dissolution of the alleged marriage, alimony, support for a child alleged to have been born of the union, and for attorney's fees. Joe denied the marriage, denied parentage of the child, and filed, in the alternative, a counterclaim in which he prayed that if a marriage be found to exist — which he denied — that he be granted the divorce, and that if the child be found to be his — a fact he also denied — that he be granted custody. On the issues joined trial was had to the court, and after hearing findings of fact and conclusions of law were entered awarding judgment in favor of Joe and denying Mary her claim for relief, and dismissing her complaint. The court found that Mary and Joe were not married.

The county court judgment was entered on February 5, 1958, and on February 17, 1958, Mary filed in the district court of the City and County of Denver an "Amended Complaint in Divorce Appeal." On February 21, 1958, a summons, together with a copy of the "Amended Complaint in Divorce Appeal," was served upon Joe. To this complaint Joe filed a motion to dismiss on the ground that Mary had not complied with any of the provisions of the statute pertaining to appeals

from judgments of the county court to the district court, C.R.S. '53, 37-6-10, 11 and 12. It is manifest from the record before us that no attempt was made to follow the statute, and accordingly the district court did not acquire jurisdiction of the subject matter. The county court judgment became final. The district court was correct in dismissing the so-called "Amended Complaint in Divorce Appeal."

The judgment is affirmed.

MR. JUSTICE SUTTON does not participate.